Rosse M. MCLEOD, Plaintiff–
Appellant,

v.

George W. HATTAWAY, Commissioner of the Department of Children Services; Angie Evans, Department of Social Services; Jimmy Kimble, Department of Social Services, Defendants–Appellees.

No. 01–5444.

United States Court of Appeals,
Sixth Circuit.

May 3, 2002.

Before GUY and BATCHELDER, Circuit Judges; WALTER, District Judge.*

Rosse M. McLeod, a pro se Colorado prisoner, appeals a district court order denying her motion requesting the district court to amend its judgment or make additional findings of fact under Fed.R.Civ.P. 52(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, McLeod sued the Tennessee Department of Children's Services, its commissioner, and members of the Tennessee Department of Social Services under 42 U.S.C. § 1983. McLeod's complaint was based on the placement of her children in foster care and her inability to visit them. The district court dismissed the complaint on January 22, 2001. On February 12, 2001, McLeod filed her Rule 52(b) motion. The district court denied the motion as untimely as it was not filed within the ten day period provided for by the rule. It is from this order that McLeod appeals.

In her timely appeal, McLeod argues that the district court's decision ignores her constitutionally protected relationship that she has with her children. She continues to object to the foster care which her children are receiving.

■ The district court's denial of McLeod's Rule 52(b) motion is reviewed for plain error. *See Finch v. Monumental Life Ins. Co.,* 820 F.2d 1426, 1432 (6th Cir.1987). To conclude that plain error occurred, first the court "must determine whether there was error under current law.... Second, the error must be 'plain.'... Third, the defendant must prove that the error 'affect[s] substantial rights.'" *See United States v. Rogers,* 118 F.3d 466, 471–72 (6th Cir.1997). To meet the third prong of the test, "the error must have been prejudicial. It must have affected the outcome of the district court proceedings." *United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

The district court did not commit plain error. Rule 52(b) requires that a motion

---

* The Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

to amend must be filed within ten days of the entry of the judgment. It is undisputed that McLeod's motion was filed well beyond the ten days prescribed for by Rule 52(b). As McLeod's motion was untimely, the district court's decision was not erroneous.

■ Finally, it is noted that McLeod argues the merits of her underlying complaint. However, her notice of appeal is untimely as to the district court's underlying judgment. Thus, the merits of McLeod's complaint are not before the court.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.